RECEIVED

JUN 2 8 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

**CLAIBORNE WILLIS**
***Plaintiff/Intervenor defendant***
**COMMERCE & INDUSTRY INS. CO.**
***Intervenor Plaintiff***

**CIVIL ACTION NO. 05-1126**

**VS.**

**JUDGE HAIK**

**LAREDO OFFSHORE SERVICES, INC.**
***Defendant/Third-party plaintiff***
**FLUID CRANE & CONSTRUCTION, INC.**
***Third-party defendant/Cross defendant***
**JM HUBER CORP.**
**MARLIN ENERGY OFFSHORE, INC.**
***Third-party defendants/Cross claimants***

**MAGISTRATE JUDGE METHVIN**

**RULING ON MOTION TO COMPEL IME**
***(Rec. Docs. 35)***

Before the court is a Joint Motion to Compel Medical Examination Under Rule 35(a) filed on June 14, 2006 by defendants/third-party defendants Laredo Offshore Services, Inc., J.M. Huber Corporation, Marlin Energy, L.L.C. and Fluid Crane and Construction, Inc. ("movers"). On June 15, 2006, the undersigned granted movers' request for expedited consideration and ordered that any opposition to the motion be filed "on or before June 23, 2006 or the motion will be deemed unopposed."[1] To date, plaintiff, Claiborne Willis ("Willis"), has not filed an opposition.

In the Complaint, Willis alleges that he sustained serious personal injuries on June 23, 2004 while working for Fluid Crane aboard a lift boat owned by Loredo Offshore. Willis has undergone medical treatment by Dr. Louis C. Blanda, Jr., an orthopaedist. Dr. Blanda

---

[1] Rec. Doc. 39.

has recommended a laminectomy/microdiscectomy with fusion and grafting from L-3 to S-1. Movers seek to have Willis undergo an IME by Dr. Douglas Bernard, an orthopaedist, prior to Willis undergoing surgery. The available dates for the IME are July 5, July 12, or July 19, 2006 with the examination beginning at 1:00 p.m.[2]

Rule 35(a) provides that:

> When the mental or physical condition (including the blood group) of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Willis has clearly placed his medical condition at issue by filing a claim for damages and he has sought treatment from an orthopaedist who has recommended surgical intervention. The undersigned concludes, therefore, that movers are entitled to an IME and said IME shall be conducted prior to plaintiff's surgery. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Compel Independent Medical Examination Pursuant to Rule 35(a) is **GRANTED**. Plaintiff shall submit to an examination by Dr. Bernard on July 5, July 12, or July 19, 2006 at 1:00 p.m. at his office in New Iberia, Louisiana. Plaintiff's counsel shall forthwith notify movers' counsel of the chosen date for the examination.

---

[2] Rec. Doc. 35, Exhibit 1.

Mem. T:\Mimi-CGG\051126.Willis.rulIME wpd6/27/06

**IT IS FURTHER ORDERED** that the Clerk shall fax a copy of this ruling to all counsel of record.

Signed at Lafayette, Louisiana on June 28, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140 FAX 593-5155

COPY SENT:
DATE: 6/28/06
BY: cmw
TO: Guillory, Kallam, Leefe, Mandel, Mouton via fax